UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ANTHONY SLOAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 17-463-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| THE UNITED GROUP, INC. and | ) | **MEMORANDUM OPINION** |
| AUTO PLAZA, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Anthony Sloan's motion to enforce the parties' settlement agreement. [Record No. 10] The defendants have not filed a response to the motion, and it may be granted for this reason alone. *See* Local Rule 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion."); *Humphrey v. United States Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing that when a party fails to respond to a motion the court may assume that opposition is waived and grant the motion). Additionally, the Court has fully reviewed the matter and will grant the motion to enforce the settlement agreement for the additional reasons that follow.

Sloan filed suit against the United Group, Inc. and Auto Plaza USA on November 27, 2017, alleging various violations of federal and state law in connection with the purchase of an automobile. [Record No. 1] The defendants filed a Counterclaim against Sloan, alleging that he had breached the contract to purchase the subject vehicle. [Record No. 4] In early January 2018, Sloan reported that the parties had settled their dispute, but that the defendants had reneged and refused to pay according to the settlement terms. [Record No. 10] He

- 1 -

provided several e-mail exchanges between the attorneys in support of his motion to enforce the settlement agreement.

The communications began with a December 19, 2017, e-mail from the defendants' attorney, Robert Gullette, to the plaintiff's attorney, Steven Shane. [Record No. 10-1]. Gullette asked Shane to provide the "exact amount of the demand for settlement." *Id.* Later that same day, Shane e-mailed the following offer to settle the case to Gullette:

> I have just confirmed that I have authority to make the following settlement demand on behalf of Anthony Sloan. . . . My client will accept either the vehicle in question with a title free and clear or a refund of all monies paid to Defendant which amounts to $8280. Additionally, your client is to pay the $400 cost of filing this lawsuit and fully reimburse me for the time we have invested in the case at my $300 approved federal court hourly fee for the 11.2 hours I have in the case to date which comes to $3360. Of course the latter figure only applies if no other significant time is required to be spent on our part and can only increase as the case moves on.

[Record No. 10-2, p. 2] Gullette rejected the offer by e-mail the following day, advising Shane that the defendants were not in a position to "accept it at this time." *Id.* at pp. 1-2. Shane promptly advised Gullette that, should his client wish to reconsider, the offer would remain open until 8:30 a.m. on December 21, 2017. *Id.* at p. 1. Gullette e-mailed Shane at 8:13 a.m. on December 21, 2017, stating, in relevant part, "[m]y client accepts your settlement offer of a one time payment of $12,040.00 which includes the complete refund of your clients [sic] payments, $400.00 for the filing fees and $3,360.00 for your attorney fees." *Id.*

Gullette reached out to Shane again on the afternoon of December 21, 2017. [Record No. 10-3] Gullette's e-mail to Shane reads, in part, as follows:

> My client is in complete agreement with the terms as we have discussed. It would request that it be given a few days to arrange for the money. I would propose that I hand deliver the cashier's check in the amount of $12,040.00, plus the title documents and Mutual Release to your office on Friday afternoon, January 5, 2018. . . . I fully realize that you dislike my client, but I hope you

will consider that it is stepping up and taking responsibility for this situation that it accepted your terms for settlement.

*Id.* at p. 1. Unfortunately, Gullette did not deliver the cashier's check to Shane on January 5 as agreed. Instead, he e-mailed Shane on January 8, 2018, advising him that Auto Plaza, USA had been closed, which "eliminate[d] the cash flow from which [the defendants] intended to pay the agreed settlement." [Record No. 10-4, p. 1] The plaintiff filed the instant motion to enforce the settlement agreement two days later. [Record No. 10]

"It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). Settlement agreements are a type of contract, and issues regarding the formation and enforcement of them of are governed by contract law, particularly the law of the state where the agreement was entered. *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). Under Kentucky law, "[a]n agreement to settle legal claims . . . is valid if it satisfies the requirements associated with contracts generally, *i.e.*, offer and acceptance, full and complete terms, and consideration." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 384 (Ky. Ct. App. 2002). "The primary object in construing a contract or compromise settlement agreement is to effectuate the intentions of the parties." *Id.*

Here, the plaintiff made an offer to settle the case for $12,040.00 on December 19, 2017. [Record No. 10-2, p. 2] The defendants rejected the offer, *id.* at pp. 1-2, but the plaintiff renewed the offer by extending it to the next day. *Id.* at p. 1. The following morning, Gullette advised Shane, in no uncertain terms, that the defendants accepted the settlement offer. *Id.* Under these circumstances, the general requirements for forming a contract were met, and the parties entered into a valid settlement agreement. Accordingly, the plaintiff's motion to

enforce the settlement agreement will be granted.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. Plaintiff Anthony Sloan's Motion to Enforce Settlement [Record No. 10] is **GRANTED**.

2. The parties shall perform in accordance with their settlement agreement, as described herein and tender a proposed Agreed Order of Dismissal **within fourteen (14) days.**

This 2nd day of March, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge